IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | No. 3:25-CV-2164-D (BT) |
| | § | |
| INTERSTATE ESTATE OF RICHARD | § | |
| LEON MEANKINS, et al., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The September 15, 2025 motion of plaintiff Deloris Phillips ("Phillips") for leave to appeal *in forma pauperis* ("IFP") the court's August 19, 2025 notice closing this action based on a prior sanction in this district is denied.

The determination of an IFP motion on appeal is governed by 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a). Under § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* "To proceed IFP on appeal, [Phillips] must meet the financial criteria and must raise a nonfrivolous issue." *United States v. Rodgers*, 838 Fed. Appx. 111, 112 (5th Cir. 2021) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1)); *see also United States v. Torres*, 450 Fed. Appx. 361, 362 (5th Cir. 2011) (per curiam) (noting that "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that [she] is a pauper and that the appeal raises nonfrivolous issues.") (citing, in turn, *Carson*, 689 F.2d at 586). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively

speaking, there is any non-frivolous issue to be litigated on appeal." *United States v. Hays*, 2022 WL 209272, at *2 (N.D. Tex. Jan. 24, 2022) (Fitzwater, J.) (quoting *Kirklewski v. Hamilton*, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008)) (alteration in original); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, [plaintiff] has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006); *see also McCoy v. Harmon*, 738 Fed. Appx. 326, 327 (5th Cir. 2018) (per curiam) ("[G]eneral conclusional assertions" — that lack "facts that would entitle him to relief on his [dismissed] claim" — do not satisfy the requirement that a movant "address the district court's reason for dismissal." (citation omitted)).

Phillips's IFP motion does not address this court's decision to close this action based on a prior sanction assessed in this district, much less identify any non-frivolous issues for appeal. She merely claims, without more, that she has been "blacklisted" from filing in this court. For that reason, and for those articulated in this court's notice closing the case based on Phillips's prior sanction, the court denies her motion for leave to proceed IFP on appeal. Although the court finds that Phillips qualifies financially for pauper status, it certifies that her appeal is not taken in good faith.

Phillips is advised that, although the court has certified that her appeal is not taken in good faith under § 1915(a)(3) and Fed. R. App. P. 24(a)(3), she may

- 3 -

challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP in accordance with Fed. R. App. P. 24(a)(5) in the United States Court of Appeals for the Fifth Circuit within 30 days from the date of service of the notice prescribed in Fed. R. App. P. 24(a)(4).

**SO ORDERED**.

October 9, 2025.

                                                      _____
                                                      SIDNEY A. FITZWATER
                                                      SENIOR JUDGE